# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

In Re: Nilhan Hospitality, LLC

CHITTRANJAN K. THAKKAR,

        Appellant,

v.                                                 Case No: 6:17-cv-1136-Orl-40

EMERSON NOBLE,

        Appellee.

In Re: Orlando Gateway Partners, LLC

CHITTRANJAN K. THAKKAR,

        Appellant,

v.                                                 Case No: 6:17-cv-1137-Orl-40

EMERSON NOBLE,

        Appellee.
                                 /nice

## **ORDER**

This cause comes before the Court on Appellee's Motion to Dismiss Appeal (Doc. 20), filed May 8, 2018. Appellant responded in opposition on May 22, 2018 (Doc. 21). With briefing complete, this matter is ripe. Upon consideration, Appellee's Motion to Dismiss is due to be granted.

Pursuant to Federal Rule of Bankruptcy Procedure ("**BR Rule**") 8018(a), Appellant's initial brief was due on or before September 16, 2017.[1] That date came and went, and Appellant neither filed an initial brief nor moved for an extension of time to file. Roughly eight months passed—still, no brief was filed. Then, on May 8, 2018, Appellee moved to dismiss the appeal due to Appellant's egregious failure to timely file an initial brief. Appellant opposes, arguing that dismissal is unwarranted under the circumstances. The Court agrees with Appellee.

Appellant raises two arguments against dismissal. First, Appellant avers that Appellee failed to confer in good faith as required by Local Rule 3.01(g) before moving to dismiss. (Doc. 21, pp. 1–7). This argument is wholly without merit since Rule 3.01(g) does not require a movant to confer with opposing counsel before filing a motion to dismiss. *See* Local Rule 3.01(g) ("Before filing any motion in a civil case, *except a motion . . . to dismiss . . .* , the moving party shall confer with counsel . . . .").

Appellant next contends that dismissal is inappropriate because: (i) BR Rule 8018(a) prescribes a *discretionary* dismissal standard, (ii) Appellant acted with diligence "to move the appeal forward," (iii) Appellee would not be prejudiced by the denial of its motion to dismiss, and (iv) Appellee failed to complain to Appellant about the untimely brief before moving to dismiss. (Doc. 21, pp. 7–13).

---

[1] BR 8018(a)(1) provides that appellants "must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." The bankruptcy record was transmitted to this Court on August 17, 2017, triggering the start of the thirty-day time period for Appellant to file an initial brief. (Doc. 14). The parties were electronically served with the bankruptcy record the same day.

Appellant's first point is its best: dismissal under BR Rule 8018(a) is discretionary. District courts in this Circuit "may" dismiss an appeal for failure to timely file an initial brief upon a showing of bad faith, negligence, or indifference. *Brake v. Tavorina (In re Beverly Mfg. Co.)*, 778 F.2d 666, 667 (11th Cir. 1985). "Dismissal typically occurs in cases showing consistently dilatory conduct or the complete failure to take any steps other than the mere filing of a notice of appeal." *Id.*

The Court is satisfied that Appellant's conduct in missing the initial brief deadline by roughly eight months constitutes "at the very least, blatant negligence." *See NCT Sys., Inc. v. Good Gateway LLC (In re Orlando Gateway Partners, LLC)*, Case No. 6:16-cv-29-RBD, Doc. 9, at *3 (M.D. Fla. Mar. 24, 2016) (unpublished). As Appellee points out, Appellant has made this same mistake at least three times in related actions, which fortifies the Court's conclusion that Appellant's conduct warrants dismissal here.[2]

Appellant's remaining arguments fail to move the needle. The substantial length of time between the brief deadline and the filing of Appellee's motion to dismiss undercuts Appellant's argument that it has been diligently moving the appeal forward. Further, that Appellee has not affirmatively demonstrated prejudice is not dispositive. And finally, Appellant's assertion that Appellee should have reminded Appellant to file its brief is absurd.

---

[2] *See Nilhan Fin., LLC v. Good Gateway, LLC (In re Nilhan Hosp., LLC)*, Case No. 6:16-cv-2113-JA, Doc. 10 (M.D. Fla. Mar. 24, 2017); *Nilhan Fin., LLC v. Good Gateway, LLC (In re Orlando Gateway Partners, LLC)*, Case No. 6:16-cv-2114-RBD, Doc. 12 (M.D. Fla. Mar. 7, 2017); *NCT Systems, Inc. v. Good Gateway, LLC (In re Orlando Gateway Partners, LLC)*, Case No. 6:16-cv-29-RBD, Doc. 9 (M.D. Fla. Mar. 24, 2016).

Accordingly, it is **ORDERED** and **ADJUDGED** that Appellee's Motion to Dismiss Appeal (Doc. 20) is **GRANTED**. The case is **DISMISSED**. The Clerk of Court is **DIRECTED** to close both the lead case and the member case.

**DONE AND ORDERED** in Orlando, Florida on June 16, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties